FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2015 SEP -4  PM 4: 43

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01921

ARETHA FRANKLIN,

    Plaintiff,

v.

NATIONAL FILM PRESERVE,
LTD., a/k/a Telluride Film Festival

    Defendant.

## ORDER ON PLAINTIFF ARETHA FRANKLIN'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Having read Plaintiffs' Motion and listened to the arguments of counsel the Court will issue a temporary injunction restraining Defendant National Film Preserve ("Telluride Film Festival") from showing or public displaying of the film "Amazing Grace" at the Telluride Film Festival on September 4, 5, and 6, 2015. For purposes of ruling on this Motion for Temporary Restraining Order, the Court finds the following:

    1.    Ms. Franklin is a world-renowned recording artist.

    2.    In 1972, she gave a concert that was filmed at a church in Los Angeles.

    3.    In 2008, a producer named Alan Elliott obtained rights to the footage of the concert from Warner Brothers Studios via a quitclaim deed. The quitclaim deed makes specific reference to Mr. Elliot's need to get Ms. Franklin's permission to use the concert footage.

4.  Mr. Elliott has produced a film, entitled Amazing Grace, which consists predominately of the Franklin 1972 concert footage.

5.  Mr. Elliott has tried to negotiate with Ms. Franklin over the terms of his use of the footage and potential public distribution of the film.

6.  Ms. Franklin and Mr. Elliot have not reached any agreement and Ms. Franklin has not given her permission to Mr. Elliott to use the footage.

7.  Defendant Telluride Film Festival intends to publicly show the Amazing Grace film during the days of September 4, 5, and 6, 2015.

8.  According to Ms. Franklin, she has never given the Telluride Film Festival, or any other entity, permission to show or display or distribute to the public the footage of her concert performance.

9.  Ms. Franklin has a strong interest in her rights of publicity, and to the use of her likeness and image. *See Joe Dickerson & Associates v. Dittmar*, 34 P.3d 995 (Colo. 2001)(recognizing tort of invasion of privacy by misappropriation of name and likeness in Colorado).

10. Ms. Franklin also has a federal statutory right to protect her concert footage from being broadcast or distributed without her permission. *See* 17 U.S.C. §1101(1) (anti-bootlegging statute). The anti-bootlegging statute specifically provides for injunctive relief to protect the artist's proprietary interest in her own performance.

11. A temporary injunction here will preserve the status quo, as this footage has not been publicly released, distributed or seen on a widespread basis.

12. A film that essentially recreates the entire concert experience is not fair use of this footage.

13. Ms. Franklin has a high likelihood of success on the merits.

14. The balance of the equities weighs in favor of Ms. Franklin. The Film Festival (and Mr. Elliott) could have clarified their claimed right to release this footage well in advance of this showing.

15. It would not be a disservice to the public to issue the requested temporary injunction.

Accordingly, it is hereby ORDERED that the Defendant National Film Preserve, Ltd, d/b/a Telluride Film Festival, its agents, officers, and employees and all working in concert with the Defendant, are enjoined and barred from showing, displaying or otherwise publicly releasing or projecting the film Amazing Grace, produced by Alan Elliott.

This injunction shall expire 14 days from the date of this order absent further order of the Court.

The Court also finds that a bond in the amount of $1,000 would be in the interests of justice, which shall be posted by Ms. Franklin with the clerk of Court.

So Ordered at _____ this 4th Day of September, 2015.

_____
United States District Judge