IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01921-JLK

ARETHA FRANKLIN,

    Plaintiff,

v.

ALLAN ELLIOTT, D/B/A/ AL'S RECORDS AND TAPES

    Defendant.

---

## STIPULATED TEMPORARY ORDER ENJOINING ALAN ELLIOTT FROM SCREENING OR SHOWING FILM FOOTAGE

---

WHEREAS Plaintiff Aretha Franklin has previously sought and obtained emergency relief from this Court against prior defendant National Film Preserve, Ltd a/k/a Telluride Film Festival to protect her claimed contractual, statutory, and common law rights to control her name and likeness and to prevent the unauthorized release or screening of film footage from a 1972 gospel concert; and

WHEREAS the Parties are in dispute regarding their individual rights and obligations with reference to the footage of Ms. Franklin's 1972 gospel concert, and a film entitled "Amazing Grace" made from that footage; and

WHEREAS the Parties wish to avoid the cost and disruption of a hearing on Temporary Restraining Order or Preliminary Injunction; and

WHEREAS the Parties desire to maintain the status quo pending discussions that may resolve this dispute;

**IT IS HEREBY AGREED AND THE COURT ORDERS AS FOLLOWS:**

1. Absent further order of the Court or specific written authorization from Ms. Franklin, Defendant Alan Elliott, his agents, employees and all working in concert with the Defendant, shall not publicly show, screen, project, display or otherwise release the film *Amazing Grace*, or the 1972 concert footage.

2. Absent further order of the Court or specific written authorization from Ms. Franklin, Defendant Alan Elliott his agents, employees and all working in concert with the Defendant, will not show, screen, project, display or otherwise release the film Amazing Grace, or the 1972 concert footage for any commercial purposes. "Commercial purposes" includes any screenings (whether public or private) of the film for potential distributors or film executives with the intention to obtain a distribution or sales agreement for the Film.

3. Defendant Elliott shall have thirty (30) days from entry of this Order, to respond to the Complaint.

4. This Order shall remain in force for thirty days from the date of entry unless, within that thirty (30) day time period, either party, with at least fourteen (14) days' notice, moves the Court for a hearing on Plaintiff's request for preliminary injunctive relief.

5. If, within thirty (30) days from the date of entry of this Order, no hearing is sought by either Party, this Order shall expire and have no further effect.

6. If, within thirty (30) days from the entry of this Order, either Party seeks a hearing on Plaintiff's request for preliminary injunctive relief, then this Order shall remain in force until the conclusion of any such hearing, or further Order of the Court.

7. The Parties agree that this stipulation can be signed in counterparts, and both signatures shall be counted as one document.

Agreed: *Aretha Franklin* Date: 9·15·2015
    Aretha Franklin  w/ consent

Agreed: _____ Date: _____
    Alan Elliott

So ORDERED at this 16th Day of September, 2015.

_____
United States District Judge

Approved as to form:

Wheeler Trigg O'Donnell LLP

*/s/ N. Reid Neureiter* 9/15/20

N. Reid Neureiter
370 17th Street, Suite 4500
Denver, CO 80202-5647
303-244-1800
(Attorney for Ms. Franklin)

                        FOX ROTHSCHILD LLP

                        Neal S. Cohen
                        1225 17th Street, Suite 2200
                        Denver, CO 80202
                        Telephone:   303-292-1200
                        Fax:             303-292-1300
                        E-mail:      ncohen@foxrothschild.com

                        Lincoln D. Bandlow (admission pending)
                        1800 Century Park East, Suite 300
                        Los Angeles, CA 90067-1506
                        Telephone:  (310) 598-4150
                        Fax:            (310) 556-9828
                        E-mail:   lbandlow@foxrothschild.com

                        (Attorneys for Mr. Elliott)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01921-JLK

ARETHA FRANKLIN,

    Plaintiff,

v.

ALLAN ELLIOTT, D/B/A/ AL'S RECORDS AND TAPES

    Defendant.

## STIPULATED TEMPORARY ORDER ENJOINING ALAN ELLIOTT FROM SCREENING OR SHOWING FILM FOOTAGE

WHEREAS Plaintiff Aretha Franklin has previously sought and obtained emergency relief from this Court against prior defendant National Film Preserve, Ltd a/k/a Telluride Film Festival to protect her claimed contractual, statutory, and common law rights to control her name and likeness and to prevent the unauthorized release or screening of film footage from a 1972 gospel concert; and

WHEREAS the Parties are in dispute regarding their individual rights and obligations with reference to the footage of Ms. Franklin's 1972 gospel concert, and a film entitled "Amazing Grace" made from that footage; and

WHEREAS the Parties wish to avoid the cost and disruption of a hearing on Temporary Restraining Order or Preliminary Injunction; and



WHEREAS the Parties desire to maintain the status quo pending discussions that may resolve this dispute;

**IT IS HEREBY AGREED AND THE COURT ORDERS AS FOLLOWS:**

1. Absent further order of the Court or specific written authorization from Ms. Franklin, Defendant Alan Elliott, his agents, employees and all working in concert with the Defendant, shall not publicly show, screen, project, display or otherwise release the film *Amazing Grace*, or the 1972 concert footage.

2. Absent further order of the Court or specific written authorization from Ms. Franklin, Defendant Alan Elliott his agents, employees and all working in concert with the Defendant, will not show, screen, project, display or otherwise release the film Amazing Grace, or the 1972 concert footage for any commercial purposes. "Commercial purposes" includes any screenings (whether public or private) of the film for potential distributors or film executives with the intention to obtain a distribution or sales agreement for the Film.

3. Defendant Elliott shall have thirty (30) days from entry of this Order, to respond to the Complaint.

4. This Order shall remain in force for thirty days from the date of entry unless, within that thirty (30) day time period, either party, with at least fourteen (14) days' notice, moves the Court for a hearing on Plaintiff's request for preliminary injunctive relief.

2



5. If, within thirty (30) days from the date of entry of this Order, no hearing is sought by either Party, this Order shall expire and have no further effect.

6. If, within thirty (30) days from the entry of this Order, either Party seeks a hearing on Plaintiff's request for preliminary injunctive relief, then this Order shall remain in force until the conclusion of any such hearing, or further Order of the Court.

7. The Parties agree that this stipulation can be signed in counterparts, and both signatures shall be counted as one document.

Agreed: _____  Date: _____
    Aretha Franklin

Agreed: _____  Date: 9.14.15
    Alan Lifton

So ORDERED at this 16th Day of September, 2015.

John C. Kane
United States District Judge

3



Approved as to form:

**Wheeler Trigg O'Donnell LLP**

N. Reid Neureiter
370 17th Street, Suite 4500
Denver, CO 80202-5647
303-244-1800
(Attorney for Ms. Franklin)

**Fox Rothschild LLP**

Neal S. Cohen
1225 17th Street, Suite 2200
Denver, CO 80202
Telephone:   303-292-1200
Fax:         303-292-1300
E-mail:      ncohen@foxrothschild.com

Lincoln D. Bandlow (admission pending)
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone:   (310) 598-4150
Fax:         (310) 556-9828
E-mail:      lbandlow@foxrothschild.com

(Attorneys for Mr. Elliott)